**REGAL FINANCE CORP. et al., Appellants,**

**v.**

**UNITED STATES of America et al., Appellees.**

**No. 6816.**

United States Court of Appeals First Circuit.

March 20, 1967.

Israel Bernstein, Boston, Mass., for appellants.

Robert H. Solomon, Attorney, Department of Justice, with whom Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson and David O. Walter, Attorneys, Department of Justice, Paul F. Markham, U. S. Atty., and Joseph A. Lena, Asst. U. S. Atty., were on brief, for United States of America, appellee.

Lewis P. Aronson, Boston, Mass., with whom Ravech & Sherman, Boston, Mass., was on brief, for Stuart Finance Corporation, appellee.

Henry V. Atherton, Boston, Mass., with whom Herrick, Smith, Donald, Farley & Ketchum, Boston, Mass., was on brief, for Massachusetts Institute of Technology, appellee.

Before ALDRICH, Chief Judge, WOODBURY, Senior Judge, and COFFIN, Circuit Judge.

PER CURIAM.

This is an action to determine the size and order of priority of certain lien claims, by the government and others, against a fund deposited in court. At a pretrial conference on May 18, 1966, a proposed settlement was worked out and then entered of record with the approval of the court. There were certain loose ends. Counsel for the government stated that he must obtain approval from Washington. Counsel for appellants accepted the suggestion that he attempt to persuade another party, who was absent that particular day, to decrease the amount of his claim. If the attempt succeeded the decrease would be shared proportionally among all the claimants after deducting a small amount claimed by counsel for appellants personally. However, notwithstanding these loose ends counsel for appellants stated that he was authorized to agree to the amounts presently allocated in the agreement to himself and his clients. The court, having previously evinced a desire to try the case unless it were settled, stated that it wanted to hear from the government within three weeks.

On June 22, not having heard from the government, and having telephoned to government counsel's office without reaching him, counsel for appellants wrote the clerk requesting that the case be placed on the trial list. Nothing further was done until September 8, 1966, when the court entered a final decree, assented to by the government, disposing of the funds on the basis of the division stated at the hearing on May 18. From this judgment the present appeal was taken.

We find no merit in the appeal. Looking at the agreement made on May 18 most favorably to appellants, it was an offer to be accepted by the government, such matters being notoriously elastic, within a reasonable time. The three weeks notification was a demand made by the court, not a maximum period stated by the parties within which the government must accept. If appellants were impatient with the delay, their minimum obligation was to notify the government. This was not fulfilled by an incompleted telephone call. Even the letter to the clerk was sent without copies to counsel. After the proposed settlement had ripened into the offered judgment it was too late to inform the government it had taken too long.

Affirmed.